HENRY BOLTON V. NEBRASKA CHICORY COMPANY.

FILED JULY 3, 1903.   No. 12,984.

Manufacturing Corporation.   A corporation organized to "plant, harvest, store, purchase, manufacture, market, sell and deal in chicory" *held* a manufacturing corporation within the purview of section 37, chapter 16, Compiled Statutes.

ERROR to the district court for Colfax county:  CONRAD HOLLENBECK, DISTRICT JUDGE.  *Affirmed.*

*George H. Thomas*, for plaintiff in error.

*Frank J. Everett* and *George W. Wertz, contra.*

POUND, C.

This is a suit upon a subscription to stock, and the sole question involved is whether the plaintiff corporation is a manufacturing corporation, within the purview of section 37, chapter 16, Compiled Statutes (Annotated Statutes, 4138).  A question of this sort is not to be settled entirely by the construction given to the phrase "manufacturing corporation" in statutes of other states dealing with different subjects.  The intention of the legislature in this particular case is to be sought for, and the policy and purpose of this particular act to be considered.  The decisions in which this phrase has been construed, are fully collected in a recent work, and need not be set out.  1 Clark and Mar-

shall, Private Corporations, pp. 78, 131. It will be observed that in some cases the statute exempted manufacturing corporations from taxation, in which case it was important to prevent fraud upon the revenue laws by attaching a nominal manufacturing business to a substantial industry of another sort. In other cases, manufacturing corporations were relieved from the operation of statutory provisions as to stockholders' liability. Here, again, fraud was to be guarded against, since creditors might be prejudiced greatly if one of their statutory protections could be cut off by a mere addition of some manufacturing enterprise to an undertaking essentially of a different character. The statute here in question was obviously designed to encourage the promotion of manufacturing enterprises of all kinds, in the widest sense, by relaxing the rules as to organization. There is every reason for giving it a liberal construction, and no fraud can result from so doing. Looking at the case in this way, we are satisfied that the plaintiff corporation comes fairly within the statute. The articles of incorporation state its purpose thus: "To plant, cultivate, harvest, store, purchase, manufacture, market, sell and deal in chicory." It appears very clearly that the cultivation, harvesting and storing were incidental to and in aid of the main project of maintaining a plant for converting the raw product into marketable form. It is shown that to render chicory marketable, a certain process is necessary, extending over several days and requiring machinery and a considerable plant. The corporation actually put up such a plant, and operated it. As described in evidence, the process involved the use of molasses, as well as the chicory root, and required from three days to as many weeks, depending upon the kind and grade produced. It involved roasting, crushing, grinding, and separating, and, as to certain forms, a process of making into "sticks." This preparation of the product for market was evidently the real purpose in view. The other purposes are mentioned only so as to enable the company to procure the raw material necessary to the operation of

its mill.   They do not suffice to take the case out of the statute.

We recommend that the decree be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.