MEYER-CORD COMPANY, APPELLANT, V. CHARLES E. HILL ET AL., APPELLEES.

FILED APRIL 13, 1909. No. 15,530.

1. Corporations: DUTY TO FILE ARTICLES. Corporations formed for the purpose of engaging in the business of manufacturing are governed by section 37, ch. 16, Comp. St. 1905.

2. ———. ———. And, in such a case, the law does not require that their articles of incorporation shall be filed with the county clerk in the county where their headquarters are located.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Affirmed.

Mockett & Mattley, for appellant.

Burr & Marlay, contra.

FAWCETT, J.

From plaintiff's brief we obtain this statement: "On or about April 15, 1905, defendants associated themselves

together for the purpose of forming a corporation for the manufacture of a talking machine known as the 'Duplexophone.' The said defendants pretended to organize what was known as the 'Duplexophone Company.' Said company never filed articles of incorporation in the county clerk's office of Lancaster county, Nebraska, where their principal place of business was located, as required by the statutes of the state of Nebraska, before they could become a body corporate. The plaintiff made sales to the said Duplexophone Company in the sum of $1,206.62, and asked judgment against the parties pretending to organize said corporation as partners or as individually liable. To this the defendants demurred. The court below sustained the demurrer and dismissed plaintiff's cause of action, and adjudged costs against plaintiff, and plaintiff elected to stand on its petition. The only question presented by the record and appeal is: Are the defendants below individually liable by reason of the failure of the parties interested in said pretended corporation to file their articles of incorporation in the county clerk's office of Lancaster county, Nebraska?"

This succinct statement of the case and of the only issue to be determined obviates the necessity of setting out the petition in this opinion. We will therefore consider only the one question presented by plaintiff in its brief, assuming that it is the only question covered by the petition. Plaintiff bases its right to hold the defendants personally liable for the debts of the corporation which they attempted to form under the name of the "Duplexophone Company" under section 126, ch. 16, Comp. St. 1905, which reads as follows: "Every corporation, previous to the commencement of any business, except its own organization, when the same is not formed by legislative enactment, must adopt articles of incorporation and have them filed in the office of the secretary of state and recorded in a book kept for that purpose, and domestic corporations must also file with the county clerk in the county where their headquarters are located."

We think this case is controlled by section 37, ch. 16, and not by section 126 above quoted. · Under plaintiff's allegation that "defendants associated themselves together for the purpose of forming a corporation for the manufacture of a talking machine," it is evident that defendants were incorporating a manufacturing company under the special provisions of section 37, and not a corporation for general business purposes, as contemplated by sections 123 to 126, inclusive. Section 37 provides: "Whenever any number of persons associate themselves together for the purpose of engaging in the business of manufacturing, they shall, under their hands and seals, make a certificate, specifying the amount of capital stock necessary, the amount of each share, the name of the place where such manufacturing establishment shall be located, and the name and style by which such company shall be known; said certificate shall be acknowledged, certified, and forwarded to the secretary of the state, and by him be recorded and copied; and when so incorporated, they are hereby authorized to carry on the manufacturing operations named in said certificate of incorporation, and by the name and style provided in said certificate, shall be deemed a body corporate with succession, and they and their associates, successors, and assigns shall have the same general corporate powers as are conferred in this chapter upon bridge companies, and subject to all the restrictions hereafter provided." In *Bolton v. Nebraska Chicory Co.*, 69 Neb. 681, the corporation was organized to "plant, harvest, store, purchase, manufacture, sell and deal in chicory." To the action, upon a subscription to stock, the defense was interposed that the company was not a manufacturing corporation within the purview of section 37, ch. 16; but we held otherwise. In the opinion we said: "The statute here in question was obviously designed to encourage the promotion of manufacturing enterprises of all kinds, in the widest sense, by relaxing the rules as to organization. There is every reason for . giving it a liberal construction, and no fraud can result

from so doing." Plaintiff bases its right to recover against the incorporators individually because they never filed their articles of incorporation "in the county clerk's office of Lancaster county, Nebraska." No such duty was required of them. Plaintiff's only contention being without foundation, its appeal must fail.

The judgment of the district court is right, and is

AFFIRMED.